JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

NANCY MELCHER

**DEFENDANTS**

ALW SOURCING, LLC

(b) County of Residence of First Listed Plaintiff

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE  4/16/2010

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3180 Doe Run Church Road, E. Fallowfield, PA 19320

Address of Defendant: 1804 Washington Blvd, Baltimore, MD 21230

Place of Accident, Incident or Transaction: 3180 Doe Run Church Road, E Fallowfield PA 19320
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

    (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☑

---

Does this case involve multidistrict litigation possibilities?        Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

        Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

        Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

        Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

        Yes☐  No☑

---

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases  15 U.S.C §1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

---

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: 4/16/2010    Craig Thor Kimmel    57100
                    Attorney-at-Law             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/16/2010    Craig Thor Kimmel    57100
                    Attorney-at-Law             Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Nancy Melcher                         :         CIVIL ACTION
                          v.          :
ALW Sourcing, LLC                     :
                                      :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

4/16/2010 _____            Craig Thor Kimmel          Nancy Melcher
**Date**                     **Attorney-at-law**        **Attorney for**

(215) 540-8888               (215) 540-8817             Kimmel@creditlaw.com
**Telephone**                **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NANCY MELCHER,                 ) | |
|            ) | |
|         Plaintiff,      ) | **Civil Action No.:** |
|            ) | |
|     v.                  ) | **COMPLAINT AND DEMAND FOR JURY** |
|            ) | **TRIAL** |
| ALW SOURCING LLC      ) | |
|            ) | **(Unlawful Debt Collection Practices)** |
|         Defendant.    ) | |
|            ) | |
|            ) | |

**COMPLAINT**

NANCY MELCHER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALW SOURCING LLC:

**INTRODUCTION**

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3.  Defendant conducts business in the State of Pennsylvania and therefore, personal jurisdiction is established.

- 1 -

PLAINTIFF'S COMPLAINT

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in E. Fallowfield, Pennsylvania.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant, ALW Sourcing LLC, is a law firm handling debt collection matters with headquarters located at 1804 Washington Boulevard, Baltimore, MD 21230.

9.      Defendant is a debt collectors as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Beginning on or around February 2, 2010 Defendant began to contact Plaintiff repeatedly via telephone regarding a debt allegedly owed to Capital One.

12.     Plaintiff is unaware of any debt owed to Capital One as this she paid off the balance owed on her Capital One credit card in 2006.

13.     On February 2, 2010 at 4:10pm Defendant's representative "Ron Jackson" left a voice message for Plaintiff to return his call at 1-888-379-4884.

14.     Plaintiff looked the phone number up on the Internet and discovered it was Defendant's phone number.

15.     On February 3, 2010 at 9:33am, Plaintiff received the same voice message.

16.     On or about February 5, 2010, Plaintiff received a letter from Defendant. A true and correct copy of the February 5, 2010 letter is attached hereto as Exhibit "A".

- 2 -

PLAINTIFF'S COMPLAINT

17.     This was the first written correspondence Plaintiff received from Defendant.

18.     In this letter Defendant failed to identify itself as a debt collector and indicate that it was attempting to collect a debt.

19.     Defendant indicates a balance of $1,625.30 is due and owing on this account.

20.     Based on information and belief, even when Plaintiff did maintain an account with Capital One, her balance never reached this figure, and this amount is in excess of the credit limit she had on this credit card.

21.     There is no indication in the February 5, 2010 letter as to how this alleged amount increased from the balance allegedly still owed to Capital One.

22.     On February 10, 2010 the telephone calls continued.  Specifically, at 1:49pm Plaintiff answered the telephone and received a voice recording indicating to contact "Ron Jackson" and once again provided for the number listed above in paragraph 12.

23.     Defendant contacted Plaintiff again on February 11, 2010 at 9:18am; February 18, 2010 at 3:51pm; February 22, 2010 at 12:15pm; February 23, 2010 at 2:31pm; February 24, 2010 at 4:40pm; February 26, 2010; February 27, 2010 at 10:33am; March 1, 2010 at 3:55pm; March 2, 2010 at 5:37pm; March 3, 2010 at 3:06pm; March 4, 2010 at 4:34pm; March 6, 2010 at 12:25pm; March 8, 2010 at 10:18am; March 9, 2010; March 10, 2010 at 5:01pm; March 11, 2010 at 3:02pm, March 12, 2010 at 12:18am; March 15, 2010 at 5:00pm; March 16, 2010 at 11:06am; and March 17, 2010 at 8:29am.

24.     Defendant also contacted Plaintiff's fiancé in an attempt to discuss the debt.

25.     Plaintiff never gave Defendant authority to speak with any third parties, including her fiancé, regarding this matter.

26.     Plaintiff tried on several occasions to call Mr. Jackson to discuss this matter; however the number was always busy.

1

## CONSTRUCTION OF APPLICABLE LAW

2    27.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay &

3    Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer

4    need not show intentional conduct by the debt collector to be entitled to damages." Russell v.

5    Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233

6    F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status

7    violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

8    28.    The FDCPA is a remedial statute, and therefore must be construed liberally in

9    favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The

10   remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit

11   & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the

12   Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be

13   construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir.

14   2002).

15   29.    The FDCPA is to be interpreted in accordance with the "least sophisticated"

16   consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano

17   v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc.,

18   869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for

19   the public - that vast multitude which includes the ignorant, the unthinking, and the credulous,

20   and the fact that a false statement may be obviously false to those who are trained and

21   experienced does not change its character, nor take away its power to deceive others less

22   experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it

23   ensures protection of all consumers, even naive and trusting, against deceptive collection

24   practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of

25   collection notices. Clomon, 988 F. 2d at 1318.

- 4 -

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a.  Communicating with Plaintiff at a place known to be inconvenient to Plaintiff, specifically repeatedly contacting Plaintiff at her fiancé's phone number, in violation of 15 U.S.C. § 1692c(a)(1).

b.  Communicating with third parties without prior consent of the consumer, in violation of 15 U.S.C. § 1692c.

c.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

d.  Causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass him, in violation of 15 U.S.C. § 1692d(5).

e.  Misrepresenting the amount of the debt and failing to provide an explanation as to how the debt increased in violation of 15 U.S.C. § 1692e(2).

f.  Failing to disclose that they are a debt collector trying to collect a debt in initial and/or subsequent communications with Plaintiff in violation of 15 U.S.C. § 1692e(11).

g.  Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.

h.  The collection of additional amounts not expressly authorized in violation of 15 U.S.C. §1692f(1).

- 5 -

PLAINTIFF'S COMPLAINT

i.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, NANCY MELCHER, respectfully prays for a judgment as follows:

a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

e.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NANCY MELCHER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  April 16, 2010                    KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

- 6 -



PO BOX 4938
Dept 11
TRENTON NJ 08650

**ALW Sourcing, LLC**
1804 Washington Boulevard, Baltimore, MD 21230
Calls to or from this company may be monitored
or recorded for quality assurance.

888-379-4884
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Feb. 5, 2010

10635-10380

HY7589
MELCHER L NANCE
3180 DOE RUN CHURCH RD
COATESVILLE PA 19320-4459

CREDITOR: CAPITAL ONE BANK (USA), N.A
CREDITOR'S ACCOUNT #: 4121741554928866
CURRENT BALANCE DUE: $ 2708.83

The named creditor has placed this account with our office for collection. You can settle this account for a lump sum payment of $1625.30. This offer will remain valid for a minimum of 45 days from the date of this letter and may be extended for an additional period. Before making a settlement payment after 45 days from the date of this letter, please confirm with one of our representatives that this offer is still valid. Should you choose to accept this offer, please enclose this letter or a copy with your settlement and mark your check or money order with the account reference number listed below and that this is a settlement.

To assure proper credit, please put our internal account number HY7589 on your check or money order and enclose the lower portion of this letter, or a copy thereof, with your payment. If you need to speak to a representative, contact us at 888-379-4884.

Returned checks may be subject to the maximum fees allowed by your state.

You may also make payment by visiting us online at https://payments.alwsourcing.com. Your unique registration code is CHY75891-141204.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Creditor's Acct# | Current Balance Due |
|---|---|---|
| HY7589 | 4121741554928866 | $ 2708.83 |

MELCHER L NANCE
Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

ALW Sourcing, LLC
PO BOX 4937
TRENTON NJ 08650-4937

ALWP E3
10380

011100HY7589800000070000000000002708830



PLAINTIFF'S
EXHIBIT
A